UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.    Case No. 07-CR-57

THOMAS C. BALSIGER, et al.,

    Defendants.

ORDER ADOPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Doc. # 207), DENYING DEFENDANT BALSIGER'S MOTION TO DISMISS (Doc. # 100), DENYING DEFENDANT CURREY'S MOTION TO DISMISS (Doc. # 104), AND DENYING DEFENDANTS BALSIGER AND CURREY'S JOINT REQUEST FOR AN EVIDENTIARY HEARING

Defendants, Thomas Balsiger and James Currey, filed identical motions to dismiss the superseding indictment, charging them with aiding and abetting wire fraud, asserting that this venue is improper. In addition, during briefing on the motion, the defendants jointly requested an evidentiary hearing on the matter. On September 9, 2008, Magistrate Judge Patricia Gorence issued a Report and Recommendations recommending that this court deny the defendants' motions to dismiss for improper venue, and denying the defendants' joint request for an evidentiary hearing. Timely objections to Judge Gorence's Report and Recommendations were then filed.

On dispositive matters such as defendants' motion to dismiss the indictment, a magistrate judge may make recommendations to the district court. 28 U.S.C. § 636(b)(1)(B). A district court must review de novo the recommendations of the magistrate judge to which either party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59.

The court may review de novo any other aspect of the recommendation as it sees fit. *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir. 1986).

Here, the defendants assert that Judge Gorence erred in denying their motions to dismiss because she improperly "determined venue is proper in this district based on the allegation that some of the purported victims of the defendants' alleged fraud were manufacturers located in the Eastern District of Wisconsin." (Defs.' Obj. 2.) Among other matters, they take issue with Judge Gorence's application of the Supreme Court's decision in *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999), and the Seventh Circuit's decision in *United States v. Pearson*, 340 F.3d 459 (7th Cir. 2003), *vacated on other grounds sub nom. Hawkins v. United States*, 543 U.S. 1097 (2005). (*Id.* at 3-7.)[1]

Here, the superceding indictment of December 5, 2007, charges the defendants with twenty-five counts of wire fraud under 18 U.S.C. § 1343 and 2. Section 1343 provides in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

The superceding indictment specifies that "for the purpose of executing the scheme to defraud . . . the defendants knowingly caused writings, signs, and signals to be transmitted by means of interstate wire communication." It continues that the transmissions consisted

---

[1] The defendants challenge venue as to counts 1-25 of the superceding indictment. The superceding indictment includes two additional counts, which go unmentioned by the defendants. In fact, as pointed out by the government, the defendants appear to avoid the venue related provisions added to the superceding indictment.

2

of invoices sent to manufacturer's located in the Eastern District of Wisconsin ("the manufacturers"), that the defendants know or had reason to know that the manufacturers were located in this district, that it was foreseeable to the defendants that as part of the scheme, wire communications would be sent to and from the manufacturers. The defendants are also charged with conspiracy to defraud (count twenty-six) and conspiracy to corruptly influence, obstruct, and impede justice (count twenty-seven).

The parties agree that 18 U.S.C. § 3237 governs venue for this "continuing" offense:

> any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

(*See* Defs.' Obj. 3.); *see Pearson*, 340 F.3d 459, 466 (7th Cir. 2003) ("Because the wire fraud statute does not contain a specific statutory venue provision, the general venue provision for offenses that occur in more than one state or district, 18 U.S.C. § 3237(a), applies . . . ."). Under these circumstances, "the 'locus delicti of the charged offense must be determined from the nature of the crime alleged and the location of the act or acts constituting it.'" *Rodriguez-Moreno*, 526 U.S. at 279 (*quoting United States v. Cabrales*, 524 U.S. 1, 6-7 (1998)). "In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *Id.*; *see also United States v. Anderson*, 328 U.S. 699, 703 (1946)).

It is this language from *Rodriguez-Moreno* that the defendants focus on, and they fault Judge Gorence for not analyzing the "conduct constituting the offense" nor the

3

location of the "essential conduct elements." (Defs.' Obj. 4.) Specifically, they argue that the "nature of the crime, as charged in counts 1-25, is *causing* wire transmissions to be sent between third parties and the manufacturers in furtherance of the scheme to defraud. In other words, the indictment concedes that wire transmissions were not sent directly by the defendants to the manufacturers, or vice versa. Thus, according to the defendants, the "essential conduct elements" of the offense cannot include the actual wire transmissions sent by third parties to the manufacturers. Since none of the "essential conduct elements" occurred in the Eastern District of Wisconsin, the defendants contend that venue is improper pursuant to the *Rodriguez-Moreno* test.

However, despite the defendants' contentions, the "nature of the crime" and "location of essential conduct elements" act as a "general guide" for courts considering venue challenges. *See United States v. Muhammad*, 502 F.3d 646, 652 (7th Cir. 2007) (*quoting United States v. Cabrales*, 524 U.S. 1, 6 (1998)). Indeed, "there is no single defined policy or mechanical test to determine constitutional venue." *Id.* (*quoting United States v. Reed*, 773 F.2d 477, 481 (2d Cir. 1985)). "[T]o satisfy the terms of the continuing offense venue statute, it is not essential that the defendant ever have been physically present in the district in question, so long as the offense continued into the district." *Id.* at 653. In other words, "[i]n cases interpreting the application of § 3237(a), [the Seventh Circuit] has held that 'venue is only improper if the only acts that occurred in that district do not provide evidence of the elements of the charged crime.'" *Pearson*, 340 F.3d at 466 (*quoting United States v. Ringer*, 300 F.3d 788, 792 (7th Cir. 2002)) (discussing wire fraud charge); *see also Muhammad*, 502 F.3d at 654 ("[P]laces that suffer the effects of a crime are entitled to consideration for venue purposes. Such districts have an obvious contact

4

with the litigation in their interest in preventing such effects from occurring.") (*quoting Reed*, 773 F.2d at 482)).

It was through this lens that Judge Gorence assessed the defendants' venue motion. As noted, in the instant case, the defendants are charged with, among other things, devising and participating in a scheme to defraud a number of manufacturers, and knew or had reason to know some of the manufacturers were located in the Eastern District of Wisconsin. To this end, they caused wire communications to be sent to the manufacturers, obtained more than $15 million from the manufacturers as a result of the scheme, and made efforts to cover up their actions. Further, paragraph twenty-two of the superceding indictment specifically alleges that the defendants "sent and caused their attorneys to send coupon-related correspondence directly to the manufacturers in the Eastern District of Wisconsin." With the above in mind, Judge Gorence concluded that venue is proper in this district in light of applicable precedent. Thus, despite the defendant's assertions, the indictment language above, specifies the nature of the offense and location of essential elements consistent with *Rodriguez-Moreno*.

The court has reviewed the superceding indictment, the defendants' motions, the Report and Recommendation, and the defendants' objections, and agrees with Judge Gorence's analysis. Unquestionably, the superceding indictment charges the defendants with knowingly devising or participating in a scheme to defraud manufacturers, some of which are located in the Eastern District of Wisconsin, and executing the scheme by causing wire communications to be sent to and from the Eastern District of Wisconsin. *See* 18 U.S.C. § 1343; Fed. Crim. Jury Instructions of the Seventh Circuit, 18 U.S.C. § 1343; *see also Pearson*, 340 F.3d at 466-67 ("The Supreme Court has emphasized that

5

when analyzing venue, courts must inquire into the nature of the offense, *see United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999) (upholding venue in prosecution of firearm offense where crime of violence, an essential element of the firearm offense, occurred in the trial district), and Pearson and Hawkins's crime of wire fraud focused on defrauding and concealing their deceit of consumers, including those in the Southern District of Illinois."). Consequently, in consideration of *Rodriguez-Moreno* and *Pearson,* the court has little difficulty concluding that the nature of the alleged offenses and the location of essential conduct, make venue in this district proper. Judge Gorence's recommendation that the defendants' motion to dismiss the indictment will therefore be adopted and the motions denied.

The defendants also object to Judge Gorence's "recommendation . . . denying [the defendants] request for an evidentiary hearing." (Defs.' Obj. 1.) Specifically, the defendants seek an evidentiary hearing as to several "facts" bearing on venue, including: (1) the lack of contractual relations between the manufacturers and the defendants; (2) whether the manufacturers directly sent or received wire transmissions to or from the defendants; and (3) whether the manufacturers are "located" in this district. (*See* Defs.' Obj. 8-10.)

At the outset, the court notes, contrary to the defendants' assertions, that Judge Gorence did not recommend that this court deny their request; she denied their request. *See* 28 U.S.C. § 636(b). Hence, it is unclear under what standard the defendants seek this court's review of Judge Gorence's order. Regardless, the defendants point to no

6

authority in support of their contention that Judge Gorence's decision was erroneous.[2] With this in mind, the court will assume the defendants are requesting that this court conduct an evidentiary hearing, or recommit the matter to the magistrate judge for such a hearing. *See* 28 U.S.C. § 636(b)(1)(C) (noting that upon review of the Report and Recommendations, the district court may "receive further evidence or recommit the matter to the magistrate judge with instructions."). *But see* Fed. R. Crim. P. 59(a) (noting that a magistrate judge may determine any matter that does not dispose of the charge; upon objection, such an order is reviewed for clear error).

Generally, "at the pretrial stage, the indictment ordinarily should be tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the government's case." *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988). The defendants argue, however, that "an evidentiary hearing on the issue of venue at this juncture would clearly be in the interest of judicial economy." To this end, they provide no authority as to how resolution of each of these issues in their favor is relevant (or dispositive) to the question of venue at this stage of the proceedings. Further, they do not present any argument challenging Judge Gorence's conclusion that, under the circumstances, these matters are to be reserved for trial. This is true even though the government attacked the relevancy of these matters to the question of venue, and the propriety of attempting to resolve these factual issues at a evidentiary hearing. (See Pl.'s Sept. 12, 2008, Letter to Judge Gorence - Doc. # 115.) With the above in mind,

---

[2] The defendants' assertion that technical enforcement of the local rules is relegated to "egregious cases" misstates the rules and the applicable law. Parties are expected to comply with the local rules and courts act within their discretion when enforcing compliance. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008) ("District courts have the discretion to require strict compliance with the local rules . . . ."). Further, Judge Gorence's reference to Criminal L.R. 12.3 was in passing; Judge Gorence denied the request on the merits after concluding such matters are to be resolved at trial.

7

IT IS ORDERED that the magistrate judge's Report and Recommendations is (Doc. # 207) is adopted.

IT IS FURTHER ORDERED that defendant Balsiger's Motion to Dismiss the Indictment for Improper Venue (Doc. # 100) is denied.

IT IS FURTHER ORDERED that defendant Currey's Motion to Dismiss the Indictment for Improper Venue (Doc. # 104) is denied.

IT IS FURTHER ORDERED that the defendants' joint request for an evidentiary hearing is denied.

Dated at Milwaukee, Wisconsin, this 11th day of November, 2008.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE