# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                    Case No. 07-Cr-57

THOMAS C. BALSIGER,
BRUCE A. FURR,
STEVEN A. FURR,
LANCE A. FURR,
WILLIAM L. BABLER,
OVIDIO H. ENRIQUEZ,
DAVID J. HOWARD,
JAMES C. CURREY,
HOWARD R. MCKAY,
DAXESH V. PATEL and
BHARATKUMAR K. PATEL,

      Defendants.

## DECISION AND ORDER

_____On March 6, 2007, a federal grand jury sitting in this district returned a 25-count indictment against International Outsourcing Services, LLC (IOS), and eleven individual defendants charging them with wire fraud in violation of 18 U.S.C. §§ 1343 and 2. On December 5, 2007, a 27-count superseding indictment against only the eleven individual defendants was returned by the federal grand jury.

Currently pending before the court are defendants Thomas C. Balsiger, James Currey, Bruce Furr, Lance Furr, and Steven Furr's claims of privilege. Throughout the course of litigating these privilege claims the United States has devoted portions of its briefing to individual analysis of each of the defendants' privilege logs, and even to specific documents

listed on those logs. Subsequent to this briefing, however, defendants Balsiger, Currey and the Furrs have substantially revised their privilege logs, eliminating several claims previously contested by the government. Therefore, in order to facilitate the court's review of the defendants' privilege claims and to ensure that the court accurately considers the government's responses to those claims, the court will require the government to update portions of its briefing with regard to the defendants' privilege claims.

More specifically, the court will require the government to file the following:

(1)     For **Docket No. 193** the government must file[1]

(a)     An updated version of Section III(C), which begins on page 39 and continues until page 43. This updated version must identify which of the sixty privilege claims originally listed on the log entitled "IOS PC Docs Open Case Related Documents as of 5/8/2007" remain on the most recently updated privilege log of the same name, and should include the government's response to each of those remaining claims, as set forth originally in Docket No. 193.

(b)     An updated version of the charts in the following sections, which do not contain Bates numbers and are no longer accurate as they reference claim numbers on the original privilege logs that have not been carried over to the revised logs: Sections IV(A)(3) (page 46); IV(A)(4) (pages 46-47); IV(A)(5) (page 47); IV(A)(6) (page 47); IV(A)(7) (pages 47-48); IV(A)(8) (page 48); IV(A)(9) (page 48); IV(A)(10) (page 48); IV(A)(11) (pages 48-49); IV(C)(1)(c) (page 52); IV(C)(1)(d) (pages 52-53); IV(C)(1)(e) (page 53); IV(C)(1)(f) (page 53); IV(C)(1)(g) (page 53); IV(C)(1)(h) (page 53); IV(C)(1)(i) (page 54); IV(C)(1)(j) (page 54); IV(C)(1)(k) (page 54);

---

[1] The government is not required to re-file any of its briefs in their entirety, but need only file updated versions of the specific sections outlined in this order.

IV(C)(3)(c) (page 56); IV(C)(3)(d) (page 56); IV(C)(3)(e) (pages 56-57); IV(C)(3)(f) (page 57); IV(C)(3)(g) (page 57); IV(C)(3)(h) (page 57); IV(C)(3)(I) (pages 57-58); IV(C)(3)(j) (page 58); IV(C)(3)(k) (page 58); IV(C)(4)(c) (page 59); IV(C)(4)(d) (page 59); IV(C)(4)(e) (pages 59-60); IV(C)(4)(f) (page 60); IV(C)(4)(g) (page 60); IV(C)(4)(h) (page 60); IV(C)(4)(I) (page 60); IV(C)(4)(j) (pages 60-61); and IV(C)(4)(k) (page 61). These updated charts must include only those contested privilege claims that have survived the various revisions of the privilege logs. That is, for every claim number listed in the original charts that survived the defendants' revisions, the government must indicate in the updated charts the new claim number as it appears on the revised privilege logs.

(c)     An updated version of Section IV(C)(2), which begins on page 54. More specifically, for every claim number listed as a "duplicate copy" of the documents shown in the chart contained in Section IV(C)(2), the government must identify which of these claims appear on the revised privilege logs.

(2)     For **Docket No. 215**, the government must file:

(a)     An updated version of the charts in the following sections, which do not contain Bates numbers and are no longer accurate as they reference claim numbers on the original privilege logs that have not been carried over to the revised logs: Sections VI(C)(1)(c) (page 51); VI(C)(1)(d) (page 51); VI(C)(1)(e) (page 51); VI(C)(1)(f) (pages 51-52); VI(C)(1)(g) (page 52); VI(C)(1)(h) (page 52); VI(C)(1)(i) (page 52); VI(C)(1)(j) (page 52); VI(C)(1)(k) (pages 52-53); VI(C)(3)(a)(iii) (pages 54-55); VI(C)(3)(a)(iv) (page 55); VI(C)(3)(a)(v) (page 55); VI(C)(3)(a)(vi) (page 55); VI(C)(3)(a)(vii) (pages 55-56); VI(C)(3)(a)(viii) (page 56); VI(C)(3)(a)(ix) (page 56); VI(C)(3)(a)(x) (page 56); VI(C)(3)(c)(iii) (pages 57-58); VI(C)(3)(c)(iv) (page 58); VI(C)(3)(c)(v) (page 58); VI(C)(3)(c)(vi) (page 58); VI(C)(3)(c)(vii) (pages 58-59);

- 3 -

VI(C)(3)(c)(viii) (page 59); VI(C)(3)(c)(ix) (page 59); VI(C)(3)(c)(x) (page 59); VI(C)(3)(d)(iii) (page 60); VI(C)(3)(d)(iv) (page 60); VI(C)(3)(d)(v) (page 60); VI(C)(3)(d)(vi) (page 60); VI(C)(3)(d)(vii) (page 60); VI(C)(3)(d)(viii) (page 61); and VI(C)(3)(d)(ix) (page 61).  These updated charts must include only those contested privilege claims that have survived the various revisions of the privilege logs.  That is, for every claim number listed in the original charts that survived the defendants' revisions, the government must indicate in the updated charts the new claim number as it appears on the revised privilege logs.

(b)     An updated version of Section IX(A), which begins on page 85 and continues until page 98.  This updated version must identify which of the privilege claims originally listed on the log entitled "GT E-Mail #1 Finger Segregated" remain on the most recently updated privilege log of the same name, and should include the government's response to each of those remaining claims, as set forth originally in Docket No. 215.

(c)     An updated version of Section IX(B), which is located on page 98.  This updated version must identify which of the privilege claims originally listed on the log entitled "GT Email #1 Finger Production" remain on the most recently updated privilege log of the same name, and should include the government's response to each of those remaining claims, as set forth originally in Docket No. 215.

(d)     An updated version of Section IX(C), which begins on page 98 and continues until page 101.  This updated version must identify which of the privilege claims originally listed on the log entitled "GT Email #1 Richmond" remain on the most recently updated privilege log of the same name, and should include the government's response to each of those remaining claims, as set forth originally in Docket No. 215.

- 4 -

(e)    An updated version of Section IX(D), which begins on page 101 and continues until page 109. This updated version must identify which of the privilege claims originally listed on the log entitled "GT Email #2" remain on the most recently updated privilege log of the same name, and should include the government's response to each of those remaining claims, as set forth originally in Docket No. 215.

(f)    An updated version of Section IX(E), which begins on page 109 and continues until page 112. This updated version must identify which of the privilege claims originally listed on the log entitled "Abigail Clapp Privileged Email" remain on the most recently updated privilege log of the same name, and should include the government's response to each of those remaining claims, as set forth originally in Docket No. 215.

(3)    For **Docket No. 162**, the government must determine whether there are any similar references to claim numbers from the original privilege logs that have not been carried over to the defendants' revised privilege logs. If there are such references, the government must indicate in these updated versions the new claim number on the revised privilege logs that is associated with the documents identified in the government's original brief. The updated versions should also include the government's response to any such claims, as set forth originally in Docket No. 162.

This updated information should be filed with the court byJuly 30, 2010.

## CONCLUSION

**NOW, THEREFORE, IT IS ORDERED** that the government must file updated versions of Docket Nos. 162, 193, and 215 as outlined in the body of this decision by **July 30, 2010**.

- 5 -

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General L. R. 72.3 (E.D. Wis.), whereby written objection to any order herein or part thereof may be filed within ten days of service of this order.  Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2010.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

- 6 -